(75 Hun, 35.)

### JONES et al. v. JONES et al.

(Supreme Court, General Term, First Department. January 12, 1894.)

DEPOSITION—FRIVOLOUS INTERROGATORIES.

    Unless interrogatories are clearly frivolous, they will not be stricken out on that ground.

Appeal from special term, New York county.

Action by Alexander McK. Jones and William E. Jones, a minor, by Edward W. S. Johnston as his guardian ad litem, against Caroline Ogden Jones and Frances Ogden Jones, as trustees, under the last will and testament of Caroline Ogden McCagg, deceased, and Julie H. Macfie, to compel a conveyance to plaintiffs of land devised to said trustees in trust for plaintiffs; also for an accounting, and for a determination of the rights of the parties in the land. The land in question was situated in the state of Illinois. A partition suit had been brought by the trustees, and the interest so devised was allotted to them. Plaintiffs claim that under the terms of the will they were entitled to have the land conveyed to them. From an order striking out certain interrogatories to be propounded to a witness proposed to be examined under a commission on behalf of the trustees, they appeal. Reversed.

The following are the interrogatories stricken out:

Eighth interrogatory: Have you compared said will and codicil with the opinion of Shope, J., aforesaid, with a view of determining the precise construction placed by the supreme court of Illinois upon the trust created by the said will and codicil for the benefit of the children of William Ogden Jones, deceased, and, if so, state the precise construction placed by the supreme court of Illinois upon those portions of the will and codicil creating said trust in said opinion? Ninth interrogatory: Please state if a trust of the character of that under discussion is a valid trust under the laws of the state of Illinois, and was so under the laws of that state at the time of the death of the testatrix. Tenth interrogatory: Please state if you have examined the decree of the circuit court of Cook county, Ill., entered in said suit on the 4th day of January, 1887, and thereafter affirmed by the supreme court of Illinois, and, if so, state what powers and duties of the trustees of said one-fifth of the estate of Mrs. McCagg are defined to be under said decree. Eleventh interrogatory: Have you read the pleadings in this cause, and are you familiar with the same? Twelfth interrogatory: What do you understand to be the scope and purpose of this action, and the precise contention of plaintiffs? Thirteenth interrogatory: Does the law of the state of Illinois admit of any extension of the trust involved and adjudicated by the supreme court of Illinois in said suit beyond the construction given by the decision of that court? Fourteenth interrogatory: If you shall have testified that there is nothing in the law which would warrant a contention that the extension of the trust in said suit beyond the construction given to it by the supreme court, give any authorities you can for such testimony. Fifteenth interrogatory: Are or are not the defendant trustees amenable to the courts of the state of Illinois for the proper and lawful conduct of their duties as such trustees? Sixteenth interrogatory: If the defendant trustees are amenable to the courts of Illinois, or subject to the control of a court of that state, what effect would a decree made by a court of New York have upon the property forming the subject of the trusts and upon the rights and persons of the trustees?

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

Willard Parker Butler, for appellants.

E. W. S. Johnston, for respondents.

PER CURIAM. Without passing upon the admissibility of the evidence which may be adduced under these interrogatories, we do not think that the 8th, 9th, 13th, 14th, 15th, and 16th interrogatories are so clearly frivolous that the defendants should be de-

prived of the opportunity of securing the testimony, that they may offer it at the trial, and, if excluded, have the benefit of an exception. We think, therefore, that the order appealed from should be reversed in respect to the 8th, 9th, 13th, 14th, 15th, and 16th interrogatories, and the same should be allowed, without costs to either party upon this appeal.